ALD-142-E

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1705
_____

IN RE: DWIGHT CAMPBELL,
                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to 3:20-cv-00151 & 3:20-cv-00228)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 6, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed May 8, 2025)

_____

OPINION[*]
_____

PER CURIAM

    Dwight Campbell, proceeding pro se, has filed a petition for a writ of mandamus.

We will deny the petition.

    Campbell filed lawsuits in the United States District Court for the Western District

of Pennsylvania, raising claims related to state court criminal proceedings that had been

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

brought against him in Blair County, Pennsylvania. The District Court dismissed those cases, and we affirmed. See C.A. Nos. 22-1894; 22-1903.

In his mandamus petition, Campbell asks us to require that federal criminal charges be brought against individuals who he claims violated his rights in connection with the criminal proceedings. It is well-settled, however, that there is no clear and indisputable right to require the government to initiate criminal proceedings. See Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973); cf. Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir. 1973) (affirming dismissal of a complaint in mandamus to compel the United States Attorney to investigate, arrest, and prosecute state officials for committing federal offenses). Moreover, to the extent that Campbell challenges the District Court's dismissal of his civil lawsuits, a petition for writ of mandamus is not a substitute for an appeal. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). Campbell's lack of success in his appeals of those dismissals does not mean that there is no mechanism to seek relief. Furthermore, we cannot intervene in any pending or completed state court criminal actions in which Campbell is a defendant. See In re Richards, 213 F.3d 773, 781 (3d Cir. 2000) (explaining that, ordinarily, federal courts of appeal "lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate"). Finally, although Campbell cites the Crime Victims' Rights Act (CVRA) in his petition, he has not alleged that he has been denied any right under the CVRA that could form the basis for mandamus relief. Cf. United States v. Moussaoui, 483 F.3d 220, 234 (4th Cir. 2007) (explaining that "[t]he rights codified by the CVRA . . . are limited to the criminal justice process").

For the above reasons, we will deny the mandamus petition.